Juan T. Lizama, Esq.
Attorney at Law
Law Office of Lizama
P.O. Box 501508
Saipan, MP 96950
Tel. (670) 234-7220/483-2662
Fax No, (670) 234-9093

Attorney for Plaintiffs

FILED
Clerk
District Court

MAR 09 2016

for the Northern Mariana Islands
By_____
              (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IN THE MATTER OF: | CIVIL ACTION NO. CV 16-00010 |
| JESUS T. LIZAMA, VICTORIA L.G. LIZAMA, and J & JEV ENTERPRISES, INC. | |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| ANZ GUAM, INC. fka CITIZENS SECURITY BANK (GUAM), INC., And Does I to 5, | |
| Defendants. | |

Plaintiffs, through counsel allege as follows:

## JURISDICTION

1. This court, the U.S. District Court for the Northern Mariana Islands, has original jurisdiction over all civil matters arising under the constitution, laws, or treaties of the United States Pursuant to 28 USC 1331 and as provided in Section 402(a) of the Covenant which provides that the U.S. District Court for the Northern Mariana Islands shares the

same jurisdiction as United States District Courts. The CNMI District Court is not an Article III court but was granted power by Congress under Article IV of the U.S. Constitution.

## PARTIES

2. Plaintiff, Jesus T. Lizama (hereinafter,"Jesus"), is a U.S. citizen, presently a resident of Guam, and a person of Northern Marianas descent (hereinafter, "NMD"), as defined under the CNMI Constitution.

3. Plaintiff, Victoria LG. Lizama (hereinafter, "Victoria"), is the spouse of Jesus, a U.S. citizen, a resident of Guam, and at all times mentioned in this Complaint, is a party to All Causes of Action herein alleged.

4. Plaintiff, J & JEV Enterprises, Inc. (hereinafter, "J & JEV") is a registered corporation in the CNMI, doing business as the "Victoria Hotel", inter alia, in the CNMI.

5. Jesus, Victoria and J & JEV, collectively, are herein referred to as "Plaintiffs".

6. Plaintiffs reserve to add additional parties as this case develops and the facts reveal through further discovery the need to add indispensable parties.

7. Defendant, ANZ, (hereinafter, "ANZ") is a bank doing business in Guam; it is formerly known as Citizens Security Bank (hereinafter, "CSB").

8. Upon information and belief, ANZ as a Guam registered bank engaged in lending money to Guam residents who are persons of NMD like Jesus, and to CNMI residents who may or may not be a NMD. Like with Jesus, ANZ would mortgage the leasehold or the fee simple ownership of borrowers whose real properties are in the CNMI.

9. Upon information and belief, the practice of mortgaging borrowers' real property interests situated in the CNMI started in on or about 1997 and one of those first borrowers were the Plaintiffs.

10. Upon information and belief, ANZ appeared to have stopped lending and mortgaging CNMI real properties right after the start of the foreclosure proceedings on Plaintiffs' properties.

11. In 2000, ANZ filed a complaint to foreclose Plaintiffs' real properties.

12. ANZ averred in its complaint for foreclosure that it was a duly licensed bank in the CNMI.

13. Upon information and belief, ANZ and its predecessor, CSB, never obtained a full service banking license in the CNMI; when it executed the mortgage, and when it sought to foreclose Jesus' properties, in 2000, ANZ knew that it was not a duly licensed full service bank in the CNMI.

14. Plaintiffs allege that only full service operating banks in the CNMI could mortgage and foreclose fee simple interest in lands situated in the CNMI as provided under the exception to Article XII, Section 2, of the CNMI Constitution.

15. ANZ mortgaged and pursued foreclosure proceedings in the courts of the CNMI with no legal status to operate like other full service banks qualified to hold fee simple title in CNMI real properties as provided by law.

16. Plaintiffs allege that the United States Department of Agriculture ("USDA") is an Administrative Agency of the United States ("U.S.") Federal Government and is the Guarantor of the ANZ mortgage agreement with Plaintiffs to the extent of the seventy percent (70%) of the loan.

17. Defendants Does 1 to 5 may be added to this Complaint as Defendants as they become identified by the facts, as discovery develops; Plaintiffs reserve the right to amend this Complaint to reflect newly discovered facts and causes of actions against the Does 1 to 5 defendants.

## FACTS

18. Plaintiffs reallege paragraphs 1 to 17, as if fully set forth.

19. On or about January 10, 1997, Plaintiffs executed the Loan Agreement with CSB (later acquired by ANZ), together with the mortgage associated with the loan guarantee agreement with USDA. Used as collaterals were the CNMI real properties owned by Plaintiffs, more particularly described as Lot 001 D 13, Lot 001 D 14, and Tract 21732-9, all of which are situated on the island of Saipan.

20. At all times herein mentioned, Victoria owns one-half in the entire causes of actions in this Complaint pursuant to the CNMI Marital Property Act of 1990.

21. The Loan Agreement was for a sum total of $1.8 million.

22. Plaintiffs made payments, even to such extent as making overpayments on the overdue amount to avoid defaulting entirely on the loan.

23. Plaintiffs continued to make payments based on Jesus' ability to pay until he was unable to meet ANZ's demands.

24. Plaintiffs allege that ANZ's demands were unreasonable, excessively coercive and fraudulent.

25. On information and belief, after Plaintiffs were defaulted on the loan, USDA, as Guarantor, paid ANZ its seventy percent (70%) guaranteed obligation.

26. Notwithstanding the payment by USDA, ANZ continued to force Plaintiffs to pay the entire debt as if USDA's payment never happened.

27. No disclosure of the USDA payment to Plaintiffs was ever made by ANZ; no disclosure of the payment to Plaintiffs was ever made likewise by USDA.

**FIRST CAUSE OF ACTION:**

**Violation of Commonwealth Consumer Protection Act, 4 CMC Section 5101**

28. Plaintiffs reallege paragraphs 1 through 27, as if fully set forth.

29. The Commonwealth Consumer Protection Act, 4 CMC § 5101, specifically confers a private right of action to consumers who have suffered from deceptive and unfair acts.

30. ANZ's representation to the Commonwealth Superior Court that it is a duly licensed bank in the Commonwealth to serve Plaintiffs' loan mortgage and to be able to foreclosure Plaintiffs' real properties situated in the CNMI was knowingly deceptive, unfair, and unequivocally fraudulent; it represented that it was a duly licensed and registered full service bank, when it was not, to qualify to foreclose fee simple title of CNMI situated real properties as provided by the CNMI Constitution.

31. At the time of the initial mortgage and promissory note, Plaintiffs did not know that ANZ was not a full service bank duly licensed to operate in the CNMI.

32. At the time of the initial mortgage and promissory note, ANZ could have registered in the CNMI as a full service bank to be able to avail itself of operating as a bank qualified to mortgage and foreclose real properties in the CNMI under the exception provision of the CNMI Constitution, Article XII, Section (2); it never did.

33. Upon information and belief, at the time that ANZ pursued the foreclosure action, ANZ remained as a bank with no full service license to be able to mortgage and foreclose fee

simple title in real properties situated in the CNMI; it operated in the CNMI without a license for years but maintaining that it had the legal capacity to own CNMI real properties in fee simple title.

34. At the time of the foreclosure, ANZ was already paid by USDA the guaranteed seventy percent (70%) of the Plaintiffs' debt. At the time of the foreclosure, ANZ did not disclose to the court nor to the Plaintiffs that ANZ had been paid by USDA the guaranteed amount.

35. ANZ's actions and conducts, together with the actions and conduct of Does 1 to 5, in misrepresenting to the CNMI courts of its status as a bank in the CNMI and in failing to inform Plaintiffs of USDA's full payment of the guaranteed amount, at first blush, amount to a serious consumer violations to Plaintiffs' damage of $1.9 million, which is the amount of the foreclosure judgment, with nine percent (9%) interest plus other damages to Plaintiffs.

36. Due to the gross conducts and intentional conducts of ANZ and of the Does 1 to 5, Plaintiffs are entitled to punitive damage to deter banks such as ANZ to committing the same consumer protection violations, seven (7) times the actual damage of Plaintiffs herein stated in this First Cause of Action.

**SECOND CAUSE OF ACTION:**

**Commonwealth Debt Collection Act 4 CMC § 51302**

**Wrongful Foreclosure**

37. Plaintiffs reallege and incorporate by reference paragraphs 1 to 36, as if fully set forth.

38. At all times herein mentioned, ANZ knew that Plaintiffs' hotel was leased to a tenant. Plaintiff's remedy was to collect from the tenant's rental and to seek additional payment from Plaintiffs to cover Plaintiffs' monthly obligation.

39. ANZ asserted that it had right to foreclosure Plaintiffs real properties; ANZ's assertion was wrongful, deceitful, malicious and fraudulent; from the outset ANZ lacked the legal status to foreclose real properties in the CNMI under the exception provision to Article XII Section 2 of the CNMI Constitution.

40. As the Commonwealth has set forth unlawful debt collection acts in 4 CMC § 51302, ANZ by its acts and by the acts of Does 1 to 5, in filing an unlawful foreclosure action in the Commonwealth court predicated upon "having a CNMI banking license", engaged in unlawful collection practice in the CNMI.

41. The actions of ANZ and Does 1 to 5, entitle the Plaintiffs to actual damage of $1.9 Million, which is the amount of the foreclosure judgment and the nine percent (9%) interest plus other damages as a result of ANZ's actions, in concert with Does 1 to 5.

42. Due to the gross and intentional conducts of ANZ and the Does 1 to 5, Plaintiffs are entitled to punitive damage seven (7) times the actual damage as herein stated in this Second Cause of Action.

**THIRD CAUSE OF ACTION:**

**Negligent Misrepresentation**

43. Plaintiffs reallege and incorporate paragraphs 1 to 42, as if fully set forth.

44. Plaintiffs allege that ANZ was without authority to foreclose the fee interest in the three lots situated in the CNMI owned by Plaintiffs because of its questionable legal status as a bank in the CNMI

45. Prior to foreclosure proceedings, ANZ through its counsel made representations to Plaintiffs that they were in default of their loan and therefore will be initiating foreclosure proceedings against the three CNMI real properties.

46. The foreclosure proceedings which started in year 2000 cannot be legally initiated by ANZ in light of the restriction imposed by the CNMI Constitution, Article XII, Section 2.

47. Plaintiffs allege that ANZ and Does 1 to 5, did not exercise reasonable due care in pursuing the proper collection method for Plaintiffs to pay their debt.

48. Despite the serious legal question involving ANZ's status as an operating bank in the CNMI, ANZ and Does 1 to 5 have excessively coerced Plaintiffs for payments and have continued to threaten Plaintiffs with a possible foreclosure of their real properties in the CNMI rather than pursuing for a remedy that fits its status as an unregistered (full service operating) bank.

49. Plaintiffs allege that ANZ has been paid the seventy percent (70%) of the debt from USDA after Plaintiffs defaulted and despite the payment made by USDA, ANZ continued to coerce Plaintiffs for more payments and furthering a misrepresentation to the CNMI courts and to the Plaintiffs that its legal remedy to collect extent with the capacity to sell or purchase Plaintiffs' real properties.

50. ANZ's continued coercion for more payments, without fully addressing its legal status as a mortgagee to the Plaintiffs loan amounts to negligent misrepresentation and as such have caused damage to Plaintiffs, the amount of the foreclosure judgment with interest at nine (9) percent, plus other damages for loss of business, and personal injury to Jesus, which amount Plaintiffs will prove at trial.

51. Due to the gross negligent and intentional conducts of ANZ and Does 1 to 5, Plaintiffs are entitled to punitive damage in the amount seven (7) times the actual damage as herein stated in this Third Cause of Action.

**FOURTH CAUSE OF ACTION:**

**Intentional Misrepresentation**

52. Plaintiffs reallege and incorporate paragraphs 1 to 51, as if fully set forth.

53. Plaintiffs allege that ANZ knew or should have known it had no authority to foreclose the fee interest in the three lots situated in the CNMI owned by Plaintiffs because of its questionable legal status as a bank in the CNMI

54. Prior to foreclosure proceedings, ANZ through its counsel made intentional representations to Plaintiffs that they were in default of their loan and therefore will be initiating foreclosure proceedings against the three CNMI real properties.

55. The foreclosure proceedings which started in year 2000 cannot be legally initiated by ANZ in light of the restriction imposed by the CNMI Constitution, Article XII, Section 2.

56. Plaintiffs allege that ANZ and Does 1 to 5 knowingly and intentionally, did not exercise reasonable due care in pursuing the proper collection method for Plaintiffs to pay their debt.

57. Despite the serious legal question involving ANZ's status as an operating bank in the CNMI, ANZ and Does 1 to 5 knowingly and intentionally have excessively coerced Plaintiffs for payments and have continued to threaten Plaintiffs with a possible foreclosure of their real properties in the CNMI rather than pursuing for a remedy that fits its status as an unregistered (full service operating) bank.

58. Plaintiffs allege that ANZ has been paid the seventy percent (70%) of the debt from USDA after Plaintiffs defaulted and despite the payment made by USDA, ANZ knowingly and intentionally continued to coerce Plaintiffs for more payments and furthering its intentional misrepresentation to the CNMI courts and to the Plaintiffs that its legal remedy to collect extent with the capacity to sell or purchase Plaintiffs' real properties.

59. On information and belief, the failure of ANZ Bank to notify Plaintiffs that it was paid the 70% of the guarantee from USDA and ANZ continued pressure on Plaintiffs to pay the full amount of the debt amount to intentional misrepresentation.

60. ANZ's continued intentional coercion for more payments, without fully addressing its legal status as a mortgagee to the Plaintiffs loan amounts to intentional misrepresentation and as such have caused damage to Plaintiffs, the amount of the foreclosure judgment with interest at nine (9) percent, plus other damages for loss of business, and personal injury to Jesus, which amount Plaintiffs will prove at trial.

61. Due to the willful and intentional conducts of ANZ and Does 1 to 5, Plaintiffs are entitled to punitive damage in the amount seven (7) times the actual damage as herein stated in this Fourth Cause of Action.

**FIFTH CAUSE OF ACTION**

**Breach of Contract**

62. Plaintiffs reallege and incorporate herein by reference paragraphs 1 to 61, as if fully set forth.

63. The Loan Agreement and the Guarantor Service Agreement between all parties imposed a duty of good faith and fair dealings according to the terms of the mortgage and loan agreement.

64. The duty of good faith and fair dealings imposed a duty of commercial reasonableness and honesty on the part of ANZ and Does 1 to 5, especially in their dealings with Plaintiffs; and especially as ANZ's legal status may allow them to act.

65. The actions of ANZ and Does 1 to 5, especially in going through the loan, mortgage, default, and foreclosure proceedings, and in their pursuit to foreclose real properties in the CNMI under a questionable legal status, failing to notify Plaintiffs of the payment by the Guarantor (USDA), failing to counsel Plaintiffs of their options other than foreclosure, fraudulently misrepresenting and coercively taking actions to collecting the Plaintiffs' debt, all together, violate ANZ's duty of good faith and fair dealings and breach to Plaintiffs rights under the loan agreement.

66. As a result of ANZ's breach of duty of good faith and fair dealings to Plaintiffs, Plaintiffs have been damaged in the amount of the foreclosure judgment, losses to the Plaintiffs' business, and the personal injury to Jesus as a result of the physical stroke that ultimately caused physical disability, Plaintiffs will prove at trial.

67. Furthermore, Plaintiffs are entitled to punitive damage as a result of the gross negligence and intentional conducts of ANZ and Does 1 to 5 in their dealings with Plaintiffs; Plaintiffs seek punitive damage in the amount seven (7) times the amount of the actual damage Plaintiffs suffered as stated in this Fifth Cause of Action.

**SIXTH CAUSE OF ACTION:**

**Constructive Fraud**

68. Plaintiffs reallege and incorporate herein by reference paragraphs 1 to 67, and as if fully set forth.

69. ANZ, as lender, and USDA, as Guarantor, on the basis of their joint venture relationship to collect from Plaintiffs, owes a duty of good faith and fair dealings to Plaintiffs.

70. ANZ, and in concert with Does 1 to 5, jointly concealed to the CNMI courts and to Plaintiffs ANZ's legal status as an operating bank in the CNMI.

71. ANZ owes a duty to Plaintiffs to be forthright in disclosing to Plaintiffs, and to the CNMI courts the legal remedy it acquired when it entered into a loan agreement with Plaintiffs.

72. Plaintiffs relied on ANZ's representation that it had the capacity to collect without hindrance the unpaid debt upon default inclusive of foreclosure and taking Plaintiffs real properties in the CNMI; on the contrary, ANZ, fraudulently misrepresented to Plaintiffs and to the CNMI courts that it could enter into a loan and mortgage agreement and to have the capacity to foreclose CNMI real properties.

73. ANZ also concealed to Plaintiffs and to the CNMI courts USDA's payment of the guaranteed amount of the loan.

74. Plaintiffs allege that ANZ intentionally failed to notify Plaintiffs of the payment made by USDA to gain an unfair advantage over Plaintiffs and with the intent to continue to coerce Plaintiffs to pay the debt beyond Plaintiffs' ability.

75. The concealments by ANZ and Does 1 to 5 of USDA's payment and the ANZ's status as a bank in the CNMI, at first blush, is fraudulent, to Plaintiffs' damage, in the amount of which, is the foreclosure judgment with interest at nine percent (9%) per annum, and to

such damages to Plaintiffs' business and the personal injury to Jesus, which Plaintiffs will prove at trial.

76. Due to the gross negligence, intentional, and fraudulent actions and conducts of ANZ, Plaintiffs are entitled to punitive damage in the amount of seven (7) times the actual damage as herein stated in this Sixth Cause of Action.

**SEVENTH CAUSE OF ACTION:**

**Federal Racketeer Influenced and Corrupt Organization Act. (RICO)**

77. Plaintiffs reallege and incorporate herein by reference paragraphs 1 to 76, as if fully set forth.

78. Plaintiffs allege that ANZ as a Guam bank was doing banking business in the CNMI and it engaged in interstate commerce when it mortgaged and agreed to collateral Plaintiffs real properties with USDA as the Guarantor.

79. Plaintiffs allege that ANZ as a Guam bank continued to do business in the CNMI when it filed foreclosure proceedings involving Plaintiffs real properties in the CNMI.

80. USDA, as a Federal Government Agency, is as engaged in interstate commerce activity when it agreed to act as Guarantor to Plaintiffs' loan, and further, when it agreed to join venture with ANZ to act in concert with ANZ's interstate commerce activities to collect debt in the CNMI.

81. ANZ acted in concert with Does 1 to 5 in concealing and misrepresenting to Plaintiffs and to the CNMI courts ANZ's questionable legal status in the CNMI.

82. ANZ acted in concert with Does 1 to 5 in concealing and misrepresenting to Plaintiffs and to the CNMI courts USDA's payment of the guaranteed amount of the loan.

83. ANZ's actions, in concert with Does 1 to 5, showed a pattern of racketeering which has clearly harmed Plaintiffs and Plaintiff's business in violation of the RICO Federal Law.

84. ANZ's pattern of racketeering involves negligent misrepresentation and intentional misrepresentation as to its legal status as full service bank here in the CNMI, failure to notify Plaintiff that it was paid the 70% of the guarantor agreement with USDA, continues coercion of Plaintiff over many years to pay the full amount of the debt to the point of causing physical stroke and physical disability to Plaintiff, failure to counsel Plaintiff as to reasonable alternatives in paying his mortgage rather than foreclosure, and continues pattern of harassment over many years to Plaintiff and his business to the point of closing Plaintiff's business. All of these taken together constitute a pattern of racketeering in violation of RICO Federal Law.

85. The actions of ANZ acting with Does 1 to 5 to engage in unlawful and improper foreclosure proceedings in interstate commerce constituted a violation of the Federal Racketeer Influenced and Corrupt Organization Act, also known as RICO, to Plaintiffs' damages in total as hereinabove alleged.

86. ANZ's actions acting with Does 1 to 5, and the resulting damages to Plaintiffs under the RICO statute entitle Plaintiffs to treble damage which is three (3) times the amount of Plaintiffs' damages in total as hereinabove alleged.

**EIGHTH CAUSE OF ACTION:**

**Tortuous Interference with Contractual Relations**

87. Plaintiffs reallege and incorporate herein by reference paragraphs 1 to 86, as if fully set forth.

88. On information and belief, Plaintiffs allege that the actions of ANZ in interfering with Plaintiffs' business took place at the time when Plaintiffs were in default on the loan coupled with the continuous threat of furthering foreclosure legal proceedings.

89. Plaintiffs allege that ANZ tortuously interfered in Plaintiffs' contractual relationships with their tenants by placing fear on the tenants for their removals under the threat of foreclosure of the premises by ANZ.

90. On information and belief, Plaintiffs allege that ANZ and Does 1 to 5, on several occasions, acted as if they already have acquired some full control of Plaintiffs' hotel assets and business; ANZ on several occasions have directed third party appraisers to appraise the hotel assets and the Papago property without Plaintiffs knowledge and consent and either going through Plaintiffs' tenants or to none at all.

91. Plaintiffs allege that the interference of ANZ and Does 1 to 5 in prolonging the foreclosure proceedings has affected Plaintiffs' contractual relations with tenants and subtenants resulting in losses not only to Plaintiffs' business but also to tenants' and subtenants' establishments.

92. As a result of ANZ's actions and conducts, in concert with Does 1 to 5, Plaintiffs have suffered actual damage in the amount of the foreclosure judgement plus interest thereon, further damages to the business, and personal injury to Jesus, which amount will be proven at trial.

93. The gross and intentional conducts of ANZ, together with Does 1 to 5, entitle Plaintiffs to punitive damage seven (7) times the amount of Plaintiffs' actual damages as herein stated in this Eighth Cause of Action.

**NINTH CAUSE OF ACTION:**

**Interference with Prospective Contractual Relations:**

94. Plaintiffs reallege and incorporate herein by reference paragraphs 1 to 93 as if fully set forth.

95. Plaintiffs allege that the ANZ, together with Does 1 to 5, interfered with Plaintiffs' business by the prolonged threat and wrongful foreclosure proceedings.

96. ANZ's actions and conducts, together with Does 1 to 5, proximately caused damages to Plaintiffs, the amount of foreclosure judgment with interest to present, further damages the Plaintiffs' business, and personal injury to Jesus, which amount will be proven at trial.

97. On information and belief, Plaintiffs allege that the willful and gross conducts of ANZ entitle Plaintiffs to punitive damage seven (7) times the actual damages as herein stated in this Ninth Cause of Action.

**TENTH CAUSE OF ACTION**:

**Intentional Infliction of Emotional Stress**

98. Plaintiffs reallege and incorporate herein by reference paragraphs 1-97, as if fully set forth.

99. Plaintiffs allege that while they were in default on the total amount of the loan and despite the good faith efforts to make payments, ANZ and Does 1 to 5 threatened foreclosure as the only remedy when in fact it was not the proper action to take and forcing Plaintiffs to make payments beyond their ability, therefore causing great emotional distress, in particular to Jesus and Victoria.

100. The coercive actions of ANZ to Jesus and Victoria caused unjustified interference to Plaintiffs' tenants and subtenants.

101. ANZ's unjustified interference and bad faith conducts proximately caused mental, emotional, and physical bodily stress and physical stroke to Jesus.

102. The physical stroke of Jesus resulted in his physical disability which further prevented him from continuing to manage and operate Victoria Hotel.

103. The gross coercive conducts and bad faith actions of ANZ caused damages to Jesus by disabling him to function normally in his business, and in his social relationship to society.

104. The damages caused by ANZ are as follows:

   a) The amount of the foreclosure judgment plus interest to date.

   b) The total damages to Plaintiffs' business as a result of Jesus' physical disability.

   c) The actual cost of medical expenses incurred as a result of Jesus' physical disability.

   d) As a result of ANZ's gross intentional, negligent, and bad faith actions and conducts, Plaintiffs are entitled to punitive damage in the amount of seven (7) times the actual damages herein stated in this Tenth Cause of Action.

**WHEREFORE,** Plaintiffs pray from the First Cause of Action to the Ninth Cause of Action as follows:

1. For each cause of action, actual damage, the amount of the foreclosure judgment plus interest of nine (9%) to present.

2. For cause of action No. 7, treble damages under the RICO Statute which is three times the amount of the foreclosure judgment plus interest to present.

3. For each cause of action, the actual damages to Plaintiffs' business and other related damages to be proven at trial.

4. For each cause of action, the personal injury and damages resulting in Jesus' physical disability.

5. For each cause of action, punitive damages, seven (7) times the actual damages awarded to Plaintiffs, Jesus, Victoria and J & JEV, individually and collectively.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by Jury.

Respectfully submitted by:

Date: 3-8-16

_____
JUAN T. LIZAMA
Attorney for Plaintiffs

## VERIFIED COMPLAINT

We, Jesus T. Lizama and Victoria L.G. Lizama, each individually and as authorized representative of J & JEV Enterprises declare under penalty of perjury that the allegations in the foregoing Verified Complaint are true and correct to the best of our knowledge.

Executed this 4th day of March, 2016.

_____
JESUS T. LIZAMA
Plaintiff

*/s/ Victoria L.G. Lizama*
_____
VICTORIA L.G. LIZAMA
Plaintiff

*/s/ Victoria L.G. Lizama*
_____
J & JEV ENTERPRISES
(Through its Authorized Representative)
Plaintiff